Case No. 13-1724, consolidated with 13-1725, Motorola Solutions v. Continental Payability Company. All right. Could we have counsel approach the podium and identify yourselves for us, please? Good morning, Your Honors. May it please the Court, my name is Michael Lubeck from the firm of Cooney & Conway, and I represent the petitioners, appellants, Joseph Erwin, Jr. at PAP. Thank you. Good morning, Your Honors. My name is James White. I'm from Jones Day, and I represent Appalee, Motorola Solutions. Thank you. All right. We'll start out with 15 minutes aside, and the appellant can reserve some time for rebuttal if you wish. All right. Very well. Thank you. Counsel, have a seat, and whenever you're ready, counsel. Good morning. Good morning again, Your Honors. May it please the Court, once again, Michael Lubeck on behalf of the petitioners, appellants, Joseph Erwin, Jr. at Al. My firm, along with a number of other firms from around the country, actually represent all of the plaintiffs in the tort actions underlying this coverage case. We, of course, refer to them as the Erwins for convenience, but I appear here on behalf of all of them. In light of this Court's order last Friday in the related Motorola appeal, I believe that the posture here might be adjusted a little bit, but it does not really change our requested relief here today, which is a remand to the Circuit Court with directions to grant the Erwins petition for intervention and to modify the July 15, 2012, agreed unopposed protective order to allow the Erwins to obtain copies of previously filed discovery and pleadings. Do you think that the issuance of that order has mooted this appeal? I believe that to the extent that the Circuit Court is going to resume or assume jurisdiction over this action, our arguments with respect to this appeal or this petition for intervention being collateral, yes. I mean, the Circuit Court is now going to resume jurisdiction, so we don't need to convince this Court that, you know, our jurisdiction for our petition remained with the Circuit Court throughout the 304A appeal. I believe, though, there have been some developments in the tort actions below that make the timing important on this and drive our requested relief that the Court remand with directions. There are now six captioned cases involving 48 injured individuals. Some of them are children. Some of them are adults. They have been consolidated for discovery and trial before Judge Erwin Sulganik. And Judge Sulganik will be trying the first of those, Angela Minkina, this October. And within the week, all of the counsel, plaintiffs, and defendants below are going to start an intensive course of expert discovery and deposition. We're going to take about 20 expert depositions in the next seven weeks. And a number of those experts are going to be talking about the state of the art, what the industry knew, when it knew it, about reproductive injuries, reproductive risks in these clean rooms. And if the transcript from the May 6, 2013, 304A hearing, R1 through 69, is any guide, it would appear that what Motorola knew and when, when Motorola knew it would be pivotal, going to be a central issue in that litigation going forward. And it is a central issue in our underlying tort case. Refresh my memory. Is there anything left on the coverage case, the coverage cases, based on our review of the other appeal and the bench trial? I, well, I'm not sure, Your Honor. I thought that the insurers were going to raise coverage defenses. Okay. So the coverage aspect is. Right. And as, you know, Judge Pierce pointed out, you know, things sort of, some of this discovery with respect to what Motorola knew and when, was not necessarily relevant to the issue of the releases that you considered and you ruled on recently. But it may be, very well may be relevant to the issue of whether there was coverage, whether there's a duty to defend and a duty to cover. And it's certainly relevant in the cases before Judge Sulganik. And ultimately, Judge Sulganik should be the one deciding if those documents are relevant, if they're admissible, if they're discoverable. Did another judge previously hear that and transferred that motion to Chancery? Is that what happened? Right. It was initially brought before Judge Gillespie, who was at that time presiding. He transferred it to Judge Brennan. Okay. And as set out in the brief, but the timing was very complicated. But by the time we were able to present the petition to intervene, the 304A order had already been entered. And Judge Brennan declined to even exercise any jurisdiction over our collateral petitions on the belief that everything there was stated pursuant to what she called the 304A doctrine. And that's what generated this appeal. And so our primary thrust when we developed this appeal was to revest jurisdiction with the circuit court over our petition for intervention. And our motion to modify the protective order. That was the thrust. Now that the court has ruled on this, the jurisdiction is going to revest. But the stage that the underlying tort cases are at and just the posture of these cases going forward, it's imperative that the Irwins be at the table. We're necessary parties to any coverage case. No order regarding coverage is binding unless the Irwins are there in the case. And with respect to that protective order... Well, these matters were stayed because of the pending previous appeal. Is that right? Correct. And so my question is, if that appeal has been resolved and as you put it, the jurisdiction is going to revest, I'm not sure if that's exactly the right phrasing, but I guess we could have a whole other discussion about that. But if it's going back to the circuit court and the reason for the stay is gone, I'm not really sure I understand why the appellate court should be telling the circuit court what to do next. Don't they get to do things first and then we tell them whether it was right or not? Otherwise, wouldn't we be issuing advisory opinions if we tell them the Irwins have to be at the table and things like that? My feeling is shouldn't the circuit court have the right to resolve a motion to intervene on its own first? Absolutely. It's within the discretion of the trial court to do that. And the whole problem before was that the circuit court didn't believe it had the discretion and that itself was the abuse of discretion. But I think what really has changed that, and this court I believe can enter a remand with directions on this issue, is that those underlying tort cases are proceeding and are coming to a critical juncture. The intervention motion wasn't really decided on the merits, was it? It was not. It was never actually. Going back to what Justice Palmer has asked you, normally wouldn't the court review whether or not the petitioners are or should be permitted to intervene in the first instance? Absolutely. That's absolutely a correct approach to do. We believe that it's also correct and appropriate under circumstances for this court to remand with the directions. What directions would you be seeking? We would seek remand there with direction that the circuit court permit the intervention of the Irwin's as necessary parties in the coverage action. But again, isn't that the appellate court making a ruling in the first instance? And isn't that something we're not supposed to be doing? As you said, it's a discretionary matter. And for the appellate court to rule that this is the way the court should rule before the court's had an opportunity to rule seems to me to be usurping the circuit court's role. And the reality of the tort action on the ground is why we brought this appeal when we did. And why we sought the intervention at an earlier time and would have needed and would have sought the ability to at least at the very least present a petition to intervene that would be ruled on the merits below. Did you try to stay those cases while that was going on? No, there was no reason. The case that we're starting in October involves a 33-year-old Hopi woman who is totally disabled and she's cared for by her 67-year-old father and her mentally disabled sister. We can't sit and wait for the coverage cases to go on. If I can speak from experience in the tort cases, what we've been dealing with is extended, extended briefing, re-briefing, re-briefing. Affidavits, amended affidavits on really satellite issues. And that's just led to incredible delay in moving these cases forward. And so really while the circuit, while this court can certainly remand it to the circuit court to exercise its discretion, what's really I think important is that that be done expeditiously. And it really does promote in the context both of these cases that are interlinked. Judicial economy below and here. Would we come back on an intervention that plaintiffs in an underlying tort case are not necessary parties to the coverage action that will determine their, the availability of insurance? Could we come back to that? Could we come back on appeal there? Could we promote judicial economy and could this court promote the truth-seeking process? I think they go hand in hand. So that's really the basis for our request for relief. Yeah, but you see, here's where the problem comes in. And I could understand what you're saying because I've been in that position as a lawyer myself God knows how many times. But our job up here is to get it right. As to this intervention petition, if it was denied, then we could decide whether it should have been granted. But it was stayed. And now it's back before the circuit court and the circuit court has to make a decision on that. Unless you have some case out there that you could rely on that tells us otherwise. What we're trying to do is get it right for both sides. And, you know, if you have a case that shows that when something is stayed and the trial judge has it back, that we could go interfere with his business. See, that's the problem. Do you have such a case? I do not, Your Honor. Of course not. See, that's the problem. And it would be a terrible precedent to start telling courts when they are staying matters that they can't stay something pending an appeal. Now that appeal is over. Now if the judge decides that he's not going to allow the Irwins to intervene, you know, that's another story. But, you know, you're asking us to take control of somebody else's case. And I don't know any authority anywhere in America that allows that kind of a thing. That's the problem. Anything further, counsel? I have nothing further, Your Honor. All right. Well, thank you very much. We'll see you in a little while. Counsel? Good morning. Again, may it please the Court, my name is James White, representing Applee. And with instructions, as the members of the panel note, this would be an extraordinary way to proceed in any event. There's nothing in the abbreviated record on appeal even addressing the merits of either the intervention question. Just on this briefly, a mootness, you didn't file a motion indicating that, did you? No, the decision came down late Friday and we realized that it was very likely that many members of the panel hearing the appeal this morning would be well aware of the decision. Again, because of the posture, essentially there was a jurisdictional gating issue that kept even the being briefed below as to whether or not intervention would be appropriate and whether or not the document should be turned over. So neither Motorola nor any of the other parties to the coverage action even addressed that issue. So there wouldn't even be a basis, a paper basis for the Court to rule on this issue even if it wished to take the extraordinary step to reach out and do that. And this is also a relatively unique issue. It's not the case that if intervention is granted, automatically the petitioners would get to see all the documents that have been produced. They were all subject to mediation and they were part of settlement negotiations. Indeed, the non-settling carriers haven't even, aren't within the ambit of the confidentiality order. So the parties to the coverage action that weren't involved in the release defense, even though they have not seen those documents. So it's Motorola's hope that we can remand the case, let Judge Brennan rule on the intervention motion after it's been briefed and if the plaintiffs are allowed to intervene, then rule on any discovery motions. Motorola to respond to your question about the status of the case. Motorola wants to quickly proceed for a summary judgment on a duty to defend because the first trial is coming up. Did you argue in front of Judge Gillespie that Judge Gillespie shouldn't be ruling on the motions for discovery? Either we did. It might have been one of the carriers who presented the argument. But the initial motion was before Judge Gillespie to modify a protective order that Judge Pierce had entered in another action. So the argument was the court who entered the protective order should decide that. Unless the members of the panel have any further questions, Motorola would request that the case be remanded and that the court rule that the appeal has been rendered moot by this panel's decision last Friday. Let me ask you this just because I know this is something we're going to have to think about. The court refused to rule on these matters because of the state and an appeal was brought saying that the court should have ruled. So that question is out there. Now, as we have been saying, it's going to go back. But is there any reason for us to answer that question? Is there a reason for us to answer that question, whether it was right for her not to rule on the intervention motion and not to rule on the protective order motions? Is there a public policy reason we should answer those questions? I don't think so. These were relatively unique circumstances. We know from the face of the court's order, I mean, she stated no further proceedings of any nature shall take place in this court pending the resolution of Zurich and associated's appeal to the First District Appellate Court and further order of this court. So we know that the predicate of her decision not to reach the intervention motion has been resolved. It no longer exists. I don't know that there's really any justiciable issue anymore. And the question that was presented before Judge Brennan of having an entered and stay of an entire case as to all parties pending a 304A interlocutory appeal of certain issues related to some parties, whether that somehow is grounds to not look at the case at all. But to look at a motion to intervene by an underlying insured seems pretty fact specific. And also here, I mean, there are some specific reasons for her to have done this here. I mean, one of the issues that was up on the interlocutory appeal was what should be produced. I mean, there was a summary judgment issue, there was a trial issue, but there was also a motion to compel. So the very question of, you know, the universe of documents that are going to be at issue in the case was a moving issue when she was faced with a motion to intervene. So, I mean, I really can't conceive of any sort of broader public policy or precedential reason for this court to, you know, reach the particular question that I think has been effectively mooted by the court's decision last Friday. Thank you, Counsel. I might ask you the same question. Is an answer needed? Probably not. Is an answer desirable? Yes. Well, if it's not needed, we have to have an exception then to address it, don't we? Okay. And certainly when circuit courts use a 308-408 order with respect to a couple of specific issues, to essentially stay an entire matter to the prejudice of a party like the Irwins, we believe that's inappropriate. We cite it to the physician's insurance case and the other cases to say that there are collateral matters and the trial court, circuit court, should retain jurisdiction over those collateral matters, and that's because those are issues not involved in the appeal, but they are still important issues and they may affect parties who are not involved in that appeal. And I think it's important that a circuit court understand that it cannot just dump everything in a 304-A bucket and then just throw up its hands and say, I'll wait until it comes back. I think it's important that a circuit court understand if it's going to make a decision to stay everything, including the Irwins petitions, which the court was aware of, was expressly aware of, that it do that, not only expressly, but that the Irwins be allowed to weigh in on that. And so I believe that's important, and the fact that counsel brought up our petitions and our motions never asked for future discovery. We never asked to do anything new. All we asked for was everything that had been filed already. So there was no overlap between the December 2012 order denying their motion to compel the CRSP notebooks and what had been done. That's going to be addressed when we go back down. It was just the chance to allow the Irwins to catch up with where it had been because they had significant rights that were being prejudiced and severely impacted by this overbroad stay. So that was the purpose for us bringing the appeal, and to the extent that this court can provide guidance to circuit courts, that three or four orders are specific. So the answer to my question is, as a practitioner that you are in the field that you work in, that this is a matter that you think that, even though it may have been mooted in this particular case, you think it might be helpful to have guidance in the future. And one of the exceptions to the mootness doctrine is that this is a matter that is likely to reoccur.  Yes. One of the problems for decades has always been, as a good plaintiff lawyer that you are, you want to get this case going and you want to get it finished as fast as you can. And the defense, they're exactly on the other end of that. They have things to do, as good defense lawyers do. And they can't just run herd on it. And we can't run herd on the circuit courts until they do something wrong. Our job is to correct when they make a mistake. And when they say something, they haven't made the mistake yet. That's the problem. Okay. Well, thank you, counsel. Thank you very much. Appreciate it.